[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO REOPEN (DOCUMENT No. 160) DATED OCTOBER 19, 1990
At a hearing held pursuant to the plaintiff's motion to reopen judgment, the Court received evidence establishing that the plaintiffs continued to possess the premises for a period on a month-to-month basis and thereafter by written lease dated September 25, 1990 beginning June 1, 1990 for a five-year period with an option to renew for an additional five-year term.
This administrative appeal has extended over a two and one-half year period. Much of the delay due to the failure of the Commission to keep proper records. The Commission should not benefit from its own misfeasance in causing delay beyond the term of the lease under which the plaintiff claims an interest.
The Court is satisfied that the plaintiff has continually possessed the property upon which and the use of which the parties are disputing. The plaintiff now enjoys a right under a five-year lease and option to renew for five more years. Consequently, the Court finds that the plaintiff maintains a specific legal interest in the property that is the subject of the Commission's decision and is therefore aggrieved. See Primerica v. PZC, 211 Conn. 85, 93 (1989).
a motion to reopen the judgment is addressed to the discretion of the court and should be granted only for a "good and compelling reason." TLC Development Inc. v. PZC, 215 Conn. 527,533 (1990). The Court finds that such a good and compelling reason exists in this case. The motion to reopen is granted.
J. F. Walsh, J.